[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Defendant-appellant Frank Eckler appeals his adjudication as a sexual predator pursuant to R.C. Chapter 2950. On appeal, Eckler asserts a single assignment of error. He argues that the evidence was insufficient to support the adjudication.
{¶ 3} The state has the burden of proving by clear and convincing evidence that an offender has been convicted of or pleaded guilty to a sexually-oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses.[1] Clear and convincing evidence is "that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established."[2]
{¶ 4} A proper sexual-offender-classification hearing requires that a trial court (1) provide a record for appellate review that relates to the issue of whether the offender is likely to recidivate; (2) allow the presentation of expert opinion to assist the trial court in its determination; and (3) consider the ten factors listed in R.C.2950.09(B)(3) and discuss the particular evidence and factors that relate to the determination regarding the likelihood of recidivism.[3] A sexual-offender-classification hearing was conducted in this case on June 12, 2002. A psychiatric evaluation dated June 7, 2002, was prepared at the direction of the trial court, reviewed, and discussed at the hearing. Eckler was twenty-five years of age at the time of the hearing. Eckler was seventeen years of age when he had committed the sexual offenses. We find no error in the trial court's adjudication of Eckler as a sexual predator.
{¶ 5} Eckler had pleaded guilty to and was convicted of two counts of rape, in violation of R.C. 2907.02. The rapes involved the same victim, who was under the age of thirteen at the time of the offenses. Rape is included in the statutory definition of a sexually-oriented offense.[4]
{¶ 6} Concerning recidivism, Eckler had engaged in different kinds of sex acts with the same child victim, his stepsister, over the course of about a year. Eckler claimed that the abuse of the child had been a means of seeking vengeance for his stepmother's poor treatment of him and her support of the discipline imposed by his father. Eckler's personal history included disturbing acts of cruelty and aggressive behavior committed against other children and animals, which the trial court described in some detail on the record. The trial court noted that the psychiatric evaluation identified multiple risk factors significantly correlated with sexual-offense recidivism, including personality disorder, the early onset of sex-offending behavior, unrelated victims, and anger problems. The court also noted that there were still anger-management problems, as evidenced by Eckler's institutional record. While this record did not show that Eckler had been in any fights during the previous four years, he had continued to be disciplined, most recently in January of 2002. Eckler had not yet participated in or successfully completed any sexual-offender treatment program. In view of all of this, we hold that the trial court had sufficient evidentiary material before it to produce a firm belief or conviction that Eckler was likely to commit in the future another sexually-oriented offense. Accordingly, Eckler's single assignment of error is overruled
{¶ 7} Therefore, we affirm the judgment of the trial court.
{¶ 8} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Winkler, JJ.
[1] R.C. 2950.01(E); State v. Eppinger, 91 Ohio St.3d 158, 163,2001-Ohio-247, 743 N.E.2d 881.
[2] See Eppinger at 163, 2001-Ohio-247, 743 N.E.2d 881, quotingCross v. Ledford (1954), 161 Ohio St. 469, 477, 120 N.E.2d 118.
[3] See Eppinger, supra, at 166, 2001-Ohio-247, 743 N.E.2d 881; Statev. Bowman, 1st Dist. No. C-020245, 2002-Ohio-6853, at ¶ 15. An earlier version of the statute listed the factors under R.C.2950.09(B)(2).
[4] R.C. 2950.01(D)(1)(a).